**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CASE NO.

JESSICA WOJTASIK,

    Plaintiff,

v.

**COMPLAINT AND TRIAL BY JURY DEMAND**

HUNTER WARFIELD, INC.,

    Defendant.

_____/

**NATURE OF ACTION**

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and where Defendant transacts business in this district.

**PARTIES**

4. Plaintiff Jessica Wojtasik ("Plaintiff") is a natural person.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Hunter Warfield, Inc. ("Defendant") is a Tampa, Florida corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. In connection with the collection of an alleged debt, Defendant called Plaintiff on July 17, 2015.

12. At that time, Defendant left Plaintiff the following voicemail message:

We have an important message from Hunter Warfield. This is a call from a debt collector. Please call 813-283-5929.

13. Defendant's July 17, 2015 voicemail failed to disclose the caller's individual identity.

14. Defendant placed subsequent calls to Plaintiff in effort to collect the debt.

15. Defendant left Plaintiff a voice message on or about November 3, 2015, stating: "Hi good morning. We have an important message from Hunter Warfield. This is a call from a debt collector."

16. On or about November 5, 2015, Defendant placed a phone call to Plaintiff in connection with the collection of an alleged debt.

17. At that time, Defendant left Plaintiff the following voicemail message: "We have an important message from Hunter Warfield. This is a call from a debt collector. Please call 813-283-4607. Thank you."

18. These messages also failed to disclose the identity of the caller.

19. On or about October 2, 2015, Plaintiff, through counsel, sent Defendant a letter.

20. The letter informed Defendant that Plaintiff was represented by counsel, and provided Plaintiff's counsel's address, phone number, and other contact information.

21. Upon information and belief, Defendant received the October 2, 2015 letter on or about October 5, 2015.

22. Plaintiff, through counsel, sent Defendant a follow up letter on or about October 21, 2015.

23. Upon information and belief, Defendant received the October 21, 2015 letter on or about October 24, 2015.

24. Defendant therefore knew or should have known that Plaintiff was represented by counsel.

25. However, Defendant communicated with Plaintiff directly in effort to collect a debt after October 5, 2015.

26. Plaintiff did not provide Defendant with express consent to communicate with her directly.

27. Plaintiff's counsel did not provide Defendant with express consent to communicate with Plaintiff directly.

28. Upon information and belief, Defendant did not have the express permission of a court of competent jurisdiction to communicate with Plaintiff directly.

29. Upon information and belief, Defendant did not attempt to communicate with Plaintiff's counsel prior to communicating with Plaintiff directly.

30. Plaintiff's counsel did not fail to respond to any communications received from Defendant within a reasonable period of time.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

31. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 18.

32. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls to Plaintiff without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

33. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 30.

34. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly in connection with the collection of an alleged debt when Defendant knew or should have known that Plaintiff was represented by counsel.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 22, 2015.                    Respectfully submitted,

                                              /s/ Alex D. Weisberg
                                             Alex D. Weisberg
                                             FBN: 0566551
                                             Weisberg Consumer Law Group, PA
                                             Attorneys for Plaintiff
                                             5846 S. Flamingo Rd, Ste. 290
                                             Cooper City, FL 33330
                                             (954) 212-2184
                                             (866) 577-0963 fax
                                             aweisberg@afclaw.com